United States District Court
Southern District of Texas
**ENTERED**
February 12, 2020
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| REFUGIO MORALES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:19-CV-593 |
| | § | |
| FSI RESTAURANT | § | |
| DEVELOPMENT LIMITED | § | |
| *d/b/a* Saltgrass Steak House, | § | |
| | § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION

Pending before this Court are Plaintiff Refugio Morales's ("Morales" or "Plaintiff") motion to remand under 28 U.S.C. § 1447(c) and Defendant FSI Restaurant Development Limited's ("Defendant" or "FSI") motion to dismiss under Rule 12(b)(6). ECF Nos. 4, 5.[1] Based on a careful review of the pleadings, motions, and exhibits, the Court finds the case was improperly removed from state court and therefore recommends granting Plaintiff's motion to remand.

### I.      BACKGROUND

Plaintiff originally filed this case in the District Court of Harris County on August 1, 2018, alleging employment discrimination on the basis of age. ECF No. 4

---

[1] On August 14, 2019, the District Judge to whom this case is assigned referred all potentially dispositive motions to this Court for Report and Recommendation. ECF No. 16; see 28 U.S.C. § 636(b)(1)(B).

¶¶ 3-4. Plaintiff alleged he was fired on July 2, 2014 at the age of 61, after having worked 14 years for Defendant as a dishwasher. *Id.*, Ex. 2 ¶ 10. According to Plaintiff, he was told he was "too old" and was subsequently replaced by a younger employee. *Id.* Plaintiff's original petition stated that the action arose under Chapter 21 of the Texas Labor Code and sought relief under Sections 21.258 and 21.2585 of the Texas Labor Code. *Id.*, Ex. 2 ¶¶ 5, 7.

Plaintiff filed an amended petition on January 21, 2019, seeking relief under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, in addition to the state law claims. ECF No. 4 ¶ 6; *see* ECF No. 1, Ex. D ¶ 7. According to Plaintiff, however, he immediately withdrew the amended petition after concluding that the original petition already stated an ADEA claim. ECF No. 4 ¶ 6. Defendant received a copy of the amended petition through the state's electronic filing system, ECF No. 8 ¶ 3, but appears not to have been notified of its cancelation. ECF No. 4, Ex. 3 at 2 (state court efiling showing cancellation of amended petition).

On February 20, 2019, Defendant removed the suit to federal court based on the withdrawn amended petition that referenced the ADEA. ECF No. 1 ¶ 3. Plaintiff filed his motion to remand on March 19, 2019. ECF No. 3.

## II.    LEGAL STANDARD FOR REMOVAL AND REMAND

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

375, 377 (1994)); *accord Hotze v. Burwell*, 784 F.3d 984, 999 (5th Cir. 2015). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Gunn*, 133 S. Ct. at 1064 (quoting *Kokkonen*, 511 U.S. at 377). As a general matter, defendants may remove to federal court those state court civil actions over which the federal courts would have original jurisdiction. *See* 28 U.S.C. § 1441(a); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 228 (5th Cir. 2013). Two principal categories of cases over which district courts have original jurisdiction, and thus removal jurisdiction, are diversity and federal question cases. *See* 28 U.S.C. §§ 1331, 1332. A defendant generally must file a notice of removal within 30 days of receipt of the initial pleadings in a case. 28 U.S.C. § 1446(b)(1). However, if the case is not removable based on the initial pleadings, a defendant must file a notice of removal within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

A plaintiff who believes that a case has been improperly removed may ask the federal court to remand the matter to state court. 28 U.S.C. § 1447(c). The removing party bears the burden of establishing both the existence of federal subject-matter jurisdiction and that removal is otherwise proper. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). This is "a heavy burden." *Sid Richardson Carbon &*

*Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). Due to significant federalism concerns, removal statutes must be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *see also Denson v. LPL Fin., LLC*, No. 17-CV-215, 2017 WL 10154237, at *2 (E.D. Tex. July 31, 2017). All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *see also Oliva v. Chrysler Corp.*, 978 F. Supp. 685, 688 (S.D. Tex. 1997) ("If federal jurisdiction is doubtful, a remand is necessary." (internal quotation marks and citation omitted)).

### III. REMAND IS REQUIRED BECAUSE NEITHER THE ORIGINAL PETITION NOR THE AMENDED PETITION CAN SERVE AS A BASIS FOR REMOVAL.

Plaintiff argues that his initial pleading, the only operative pleading in the case, asserted a federal claim under the ADEA, and thus the action was only removable under 28 U.S.C. § 1446(b)(1) until September 6, 2018, or 30 days after the original petition was served on Defendant. *See* ECF No. 4 ¶¶ 14-16; ECF No. 13 ¶¶ 5-8. Defendant argues that the original petition did not assert a federal claim and the case did not become removable until Plaintiff filed his amended pleading on January 21, 2019, giving Defendant until February 20, 2019 to file a notice of removal under 28 U.S.C. § 1446(b)(3). ECF No. 8 ¶¶ 4-10. The Court finds that

neither the original petition nor the amended petition could serve as a basis for removal, and thus the case must be remanded.

**A.      Plaintiff's Original Petition Cannot Serve As A Basis For Removal Because It Did Not Affirmatively Reveal On Its Face A Federal Claim.**

As stated above, a defendant must remove a case within 30 days of receiving the initial pleadings under 28 U.S.C. § 1446(b)(1). However, for 28 U.S.C. § 1446(b) to apply, the case must be removable in the first place—the court must have federal question or diversity jurisdiction. *See* 28 U.S.C. § 1441. The only issue here is whether federal question jurisdiction exists.

"Removal based on federal question jurisdiction is determined by reference to the well-pleaded complaint [rule], 'under which federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007) (quoting *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475 (1998)); *accord Alim v. KBR, Inc.*, 570 F. App'x 417, 420 n.4 (5th Cir. 2014). The well-pleaded complaint rule focuses solely on the plaintiff's statement of his own claim, rather than what is alleged "in anticipation of avoidance of defenses," allowing a plaintiff "to avoid federal jurisdiction by exclusively relying on state law, even where both federal and state remedies are available to him." *Maheshwari v. Univ. of Texas-Pan Am.*, 460 F. Supp.

2d 808, 811 (S.D. Tex. 2006) (quotations omitted).[2] The clock does not begin to run under 28 U.S.C. § 1446(b)(1), therefore, unless the initial pleading "'affirmatively reveal[s] on its face' the basis for . . . federal question jurisdiction." *Cisneros v. DAKM, Inc.*, No. 13-CV-556, 2014 WL 258755, at *1 (S.D. Tex. Jan. 23, 2014) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).

Here, Plaintiff's original petition alleges age discrimination in employment, which could give rise to a state or federal claim. *See* ECF No. 4, Ex. 2 ¶¶ 10-12. However, the petition states the action arose under Chapter 21 of the Texas Labor code and seeks relief under the Texas Labor Code, making no reference to a federal statute anywhere in the pleading. *See id.*, Ex. 2 ¶¶ 5, 7. While Plaintiff does reference his EEOC filing in the pleading to show that he "complied with all the necessary administrative prerequisites to filing suit," this does not affirmatively invoke federal question jurisdiction. *See, e.g.*, *Griffith v. Alcon Research, Ltd.*, 712 F. App'x 406, 408 (5th Cir. 2017) (finding that plaintiff's references to an EEOC letter did not invoke federal question jurisdiction when the facts alleged could support state or federal claims); *Cisneros*, 2014 WL 258755, at *4 (finding plaintiff's petition did not affirmatively plead a federal cause of action despite references to his EEOC letter); *Maheshwari*, 460 F. Supp. 2d at 811-12 (finding references to Title VII, the

---

[2] "[E]ven if federal remedies are available as a matter of fact, a plaintiff may, as master of his complaint, avoid federal jurisdiction by exclusive reliance on state law." *Griffith v. Alcon Research, Ltd.*, 712 F. App'x 406, 408 (5th Cir. 2017) (quotations omitted).

ADA, and plaintiff's EEOC filings in the "Conditions Precedent" section of the petition did not invoke federal question jurisdiction).

Because Plaintiff's original petition did not affirmatively reveal on its face federal question jurisdiction, it cannot serve as the basis for removal. Therefore, 28 U.S.C. § 1446(b)(1) does not apply to the original petition.[3]

### B.     Plaintiff's Amended Petition Cannot Serve As A Basis For Removal Because It Did Not Clarify Plaintiff Was Asserting A Federal Claim, Given It Was Immediately Withdrawn.

When a case is not removable based on the initial pleading, a defendant may file a notice of removal within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendant argues the withdrawn amended petition constitutes an "amended pleading" or, at the very least, an "other paper" from which it first ascertained Plaintiff was asserting a federal claim, giving it 30 days from the filing on January 21, 2019 to remove the case. ECF No. 8 ¶¶ 6-10. Plaintiff argues the withdrawn amended petition is not an "amended pleading" or "other paper" because it was canceled and has no legal effect. ECF No. 13 ¶¶ 2, 11-13. The Court agrees with Plaintiff.

---

[3] If the clock did begin to run based on the original petition, Defendant's notice of removal would have been untimely under 28 U.S.C. § 1446(b)(1) because it was not filed within 30 days of service of the petition.

A pleading in the context of the removal statute "is a formal written statement of accusation or defense presented by the parties alternately in an action at law." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 609 n.21 (5th Cir. 2018) (quotations and alterations omitted). That fact that the written statement must be "presented . . . *in an action* at law" to be considered a pleading implies that it must be filed with the court. *Cf. Harris v. Med-Tox Labs., Inc.*, No. 96-CV-1132, 1997 WL 86458, at *2 (N.D. Tex. Feb. 26, 1997) (finding a courtesy copy of a petition that had not yet been filed did not constitute a pleading in the context of removal); *Leverton v. AlliedSignal, Inc.*, 991 F. Supp. 481, 484 (E.D. Va. 1997) ("[F]or a document to be regarded as a pleading it must, at the very least, be filed with a court."). Here, the amended petition was canceled almost immediately and does not appear on the state court docket. *See* ECF No. 4, Exs. 3 & 4. According to Plaintiff's attorney's affidavit, the amended petition "was never accepted or filed by the Harris County District Clerk" and therefore never served as the operative pleading in this case. *Id.*, Ex. 5 ¶ 5. Defendant does not contend otherwise. The withdrawn amended petition could not constitute an "amended pleading" under 28 U.S.C. § 1446(b)(3).

On the other hand, "paper" under 28 U.S.C. § 1446(b)(3) is defined broadly as "a written or printed document or instrument" and can include a plaintiff's post-complaint demand letter, responses to interrogatories, or written communications between counsel. *Morgan*, 879 F.3d at 608 (quotations and alterations omitted); *see*

14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3731 (4th ed. 2019) ("The federal courts have given the reference to 'other paper' an expansive construction and have included a wide array of documents within its scope."); *e.g.*, *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000); *Maheshwari*, 460 F. Supp. 2d at 812; *Cisneros*, 2014 WL 258755, at *4.[4] Courts generally use "other paper" to clarify whether there is diversity jurisdiction, rather than federal question jurisdiction; however, "[u]nder limited circumstances, courts have looked to 'other paper' to establish federal question jurisdiction, such as to clarify that a plaintiff's state law claim is one that would be preempted by federal law." *Eggert*, 223 F. App'x at 397.

An amended petition that was immediately rescinded and never accepted by the state court does not clarify the federal nature of Plaintiff's claim. In fact, the act of withdrawing the petition is consistent with the idea that Plaintiff was not pursuing a federal claim. The withdrawn amended petition, therefore, is not an "other paper" under 28 U.S.C. § 1446(b)(3).[5]

---

[4] Unlike an amended pleading, an "other paper" need not be filed with the court. *See Addo*, 230 F.3d at 761.

[5] Even if the withdrawn amended petition somehow did constitute an "amended pleading" or "other paper," it is not one from which Defendant could "ascertain[] that the case . . . is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). "'Ascertain' means . . . to find out or learn with certainty." Bosky v. Kroger Tex., LP, 288 F.3d 208, 211 (5th Cir. 2002) (quotations omitted). The withdrawn amended petition does not provide with any level of certainty that federal question jurisdiction exists or that the case is removable.

\*                    \*                    \*

Defendant points out that "Plaintiff concedes he is asserting a claim under the ADEA." ECF No. 8 ¶ 11. Plaintiff's motion to remand and reply do reveal that he intends to pursue a federal ADEA claim. *See* ECF No. 4 ¶ 6 ("Plaintiff [withdrew his amended pleading] after reviewing the original petition and concluding that it already stated an ADEA claim."); ECF No. 13 ¶ 6 ("The original petition . . . states an ADEA claim.") & ¶ 9 ("[I]f, *arguendo*, Defendant is correct and the original petition does not state an ADEA claim, then Plaintiff should be permitted to amend now to state one."). Defendant does not, however, argue that these filings could constitute "other paper" under 28 U.S.C. § 1446(b)(3), nor did the filings serve as the basis for Defendant's removal.[6] In any event, "[r]emovability is determined at the time the Notice of Removal is filed." *Sippel v. Hagan*, No. 10-CV-418, 2011 WL 13131144, at \*1 (S.D. Tex. Apr. 12, 2011), *report and recommendation adopted*, 2011 WL 13131145 (May 2, 2011). The Court, therefore, cannot look to the subsequently filed motion to remand to clarify removability.

## IV.   CONCLUSION

For the reasons stated above, the Court recommends Plaintiff's motion to

---

[6] If Defendant believed Plaintiff's motion to remand should be considered "other paper" clarifying the case was removable, it could have consented to remand and re-filed its notice of removal based on Plaintiff's statements in his motion. Defendant did not pursue this course, however, and any attempt to do so now would be untimely. *See* 28 U.S.C. § 1446(b)(3) (requiring removal within 30 days of receipt of "other paper"); ECF No. 4 (Plaintiff's motion to remand, filed March 3, 2019).

remand, ECF No. 4, be GRANTED and the case be remanded to the District Court of Harris County. As a result, the Court also recommends Defendant's motion to dismiss under Rule 12(b)(6) be DENIED AS MOOT.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on February 12, 2020.


_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**

11